IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CURTIS JONES, :
:
        Plaintiff :
:
   VS. :
: 1 : 06-CV-48 (WLS)
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
        Defendant. :

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on March 27, 2006, challenging the Commissioner's final decision denying his application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed an application for disability benefits in January 2001, alleging disability since November 27, 2000, due to injuries sustained to his right knee. His application was denied initially and upon reconsideration. Following a hearing, the ALJ determined that the plaintiff retained the residual functional capacity to perform the full range of sedentary work. The ALJ found that the plaintiff could not, however, return to his past relevant work as a forklift operator, as that job required plaintiff to lift and carry items weighing up to fifty pounds and to perform other strenuous activities. The ALJ, relying on the Medical-Vocational Guidelines, determined that the plaintiff was not disabled. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ's conclusion that he could perform a full range of sedentary work was not supported by substantial evidence.

At the time of the hearing before the ALJ, the plaintiff was 46 years of age with a high school education. His past relevant work as was a forklift operator. The plaintiff injured his right knee in a work related accident on November 24, 2000. He was initially evaluated and treated by Dr. Paul Michas on November 27, 2000 and remained under his care until June 17, 2002. Dr. Michas performed two (2) surgeries on plaintiff's right knee in January and March 2001. In June 2002, Dr. Michas found that the plaintiff had reached maximum medical improvement and assessed that the plaintiff suffered a 10 to 19 % impairment. Plaintiff was seen by Dr. Phillip Hajek in January 2003 for a second opinion. He also found that plaintiff's whole body impairment was around 20%, and found that plaintiff's pain was secondary to residual scarring and opined that aggressive therapy would result in further improvement. In April 2003, Dr. Hajek prescribed physical therapy and encouraged the plaintiff to discontinue use of his cane. In June 2003, Dr. Hajek reported that the plaintiff had not achieved any significant progress in his physical therapy efforts and recommended aggressive stretching to work past the pain that plaintiff continued to experience.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th

Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

The plaintiff claims that the ALJ erred in finding that he could perform the full range of sedentary work and thereafter relying on Grid Rule 201.21 to find him not disabled.  The plaintiff maintains that the medical evidence clearly establishes that he cannot perform a full range of sedentary work, inasmuch as he was limited by a treating physician to "light duty with frequent rest breaks" and another physician noted his use of a cane to ambulate due to a residual instability resulting from a lack of quad/hamstring control and strength.

The ALJ herein determined that the plaintiff could no longer perform his past relevant work, and that he retained the residual functional capacity to perform work at the sedentary exertional level.  The ALJ then relied on Grid Rule 201.21 to find that he was not disabled.

Application of the Grids is inappropriate when a claimant is incapable of performing the full range of work at a given exertional level or when a claimant suffers from severe non-exertional impairments that significantly impact his ability to perform basic work activities. Syrock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985); Swindle v. Sullivan, 914 F.2d 222 (11th Cir. 1990).  However, the ALJ herein determined that the plaintiff's non-exertional impairments

3

were not of a severity to significantly impact the claimant's ability to perform other work and thereafter properly relied on the Grids. The ALJ found that the plaintiff's use of a cane was not prescribed by any medical source, and that Dr. Hajek had encouraged the plaintiff to stop using the cane. The ALJ further noted that although the plaintiff complained of pain and an inability to stand or sit for extended periods, he did not give the appearance of such difficulty and had consistently refused to comply with medical advice for aggressive physical therapy to achieve greater improvement in the condition of his knee.

The medical record reveals that the ALJ's decision herein is supported by substantial evidence. Beginning on April 26, 2001, Dr. Paul Michas noted that the plaintiff could return to work in a sedentary capacity. R. at 131. Despite a brief notation on July 19, 2001, that the plaintiff had been unable to work since his injury, Dr. Michas continued to note during the course of his treatment of the plaintiff that he could work in a "light duty sedentary type duty" capacity. R. at 129, 130, 131, 144. Dr. Michas noted that the plaintiff's knee had "pretty good motion when he is not aware of it." R. at 144. Both Dr. Michas and Dr. Hajek, who began treatment of the plaintiff in January 2003 after providing a second opinion, repeatedly found that the plaintiff failed to follow through with physical therapy requirements, which both doctors emphasized as the most effective means to additional improvement in the plaintiff's knee condition. The plaintiff was discharged from the Phoebe Putney physical therapy program in March 2001 due to non-compliance and failure to show up for physical therapy appointments. Beginning in April 2003, Dr. Hajek encouraged the plaintiff to "get off the cane". R. at 231. Dr. Hajek noted maximum medical improvement in June 2003, and a subsequent reevaluation by a physical therapist found "[a]mbulation: independent using no assistive device". R. at 229, 235.

As early as April 16, 2002, Dr. Lamar Moree, a pain specialist to whom the plaintiff was referred for pain management, found that the plaintiff ambulated well with a steady gait and no swelling in his knee. R. at 147.

The Eleventh Circuit "has recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of the claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level." Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992). None of the plaintiff's physicians or therapists restricted him to less than sedentary work, and none of these medical professionals noted restrictions that would prevent a full range of employment at the sedentary level, contrary to the plaintiff's arguments that he requires a cane and frequent breaks that would compromise his ability to perform the full range of sedentary work. The ALJ's determination that the plaintiff's knee condition was not so severe as to prevent use of the Grids was supported by substantial evidence.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of August, 2007.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE